IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY G. KALLA, #01600000 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv457 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Timothy G. Kalla, a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt. #14) concluding that the petition should be denied. Kalla has filed objections (Dkt. #17).

Kalla is challenging his Collin County conviction for two counts of aggravated sexual assault of a child and two counts of indecency with a child/contact. On September 18, 2009, after a jury trial, he was sentenced to twenty years of imprisonment for each aggravated sexual assault of a child offense and two years of imprisonment for each indecency with a child/contact offense, with the sentences running concurrently. The conviction was affirmed. *Kalla v. State*, No. 05-09-01243-CR, 2011 WL 489929 (Tex. App. - Dallas Feb. 14, 2011, pet. ref'd). On September 14, 2016, the Texas Court of Criminal Appeals denied his application for a writ of habeas corpus based on the trial court's findings, after a hearing.

The present petition for a writ of habeas corpus was filed on June 30, 2016. Kalla argues he is entitled to federal habeas corpus relief based on ineffective assistance of counsel. On pages twelve through seventeen of his memorandum (Dkt. #3), Kalla lists eighteen instances where he believes his

1

attorney was ineffective. For the most part, he went no further than list his ineffective assistance of counsel claims with little or no development. The Magistrate Judge thoroughly addressed each of the claims and found that they lack merit.

In his objections, Kalla focuses on what he perceives to be the most egregious examples of ineffective assistance of counsel. He claims that much of the evidence presented at trial consisted of witnesses expressing opinions that the child was truthful and the witnesses believed the child's story. For example, District Attorney Investigator Bill Lanier testified "there's several points in the [child's] interview I saw things that lent credibility, when she's telling her events to the interviewer, that she actually went through this event with Mr. Kalla." 3 RR 42. Lanier continued by saying that, based on the way the child told the story in the interview, he "felt like she was describing something she had experienced." 3 RR 43-44. Lanier also testified that at the conclusion of the child's forensic interview, he "had sufficient, reliable information to understand that crimes had occurred and exactly what crimes had occurred." 3 RR 56. Child Protective Services caseworker Madeline Gilliard provided similar testimony: "She is a very strong little girl. She -- and she's truthful, and she went through a lot even." 5 RR 50. Kalla alleges that his attorney was ineffective for failing to object to these statements that purportedly were a direct comment on the truthfulness of the child's story.

In order to obtain relief based on ineffective assistance of counsel, Kalla must show that attorney's representation was deficient and that he was prejudiced by such deficient representation, as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under Texas law, expert witnesses are prohibited from testifying that a particular person or class of persons is credible, but they are allowed to testify that a particular victim exhibited symptoms or behaviors consistent with sexual abuse. *See Cohn v. State*, 849 S.W.2d 817, 818-19 (Tex. Crim. App. 1993); *Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993). An expert may also testify about whether the victim shows

2

signs of manipulation or coaching. *Schutz v. State*, 957 S.W.2d 52, 69 (Tex. Crim. App. 1997). They are only prohibited from testifying that a witness is truthful or telling the truth. *Yount*, 872 S.W.2d at 709. A direct opinion as to the truthfulness of a witness "crosses the line" under Rule 702 since "it *decides* an issue *for* the jury." *Id.* (emphasis in original). It is the role of the jury to draw conclusions about the credibility of a witness. *Id.* at 710. "[F]oundation evidence regarding child sexual abuse" is admissible and any objection by defense counsel to such a line of questioning is properly overruled. *Oliver v. State*, 32 S.W.3d 300, 303-04 (Tex. App. - San Antonio 2000, pet. ref'd).

In the present case, Kalla's complaints were thoroughly considered in the state habeas corpus proceedings. After considering all of the evidence before it, the trial court made the following findings with respect to the ineffective assistance of counsel claims involving Lanier's testimony:

> 9) Counsel's representation was not deficient in failing to object to testimony from Sgt. Billy Lanier of the Collin County Sheriff's Department (Subissues 1-6 and 18):
>
> a) Expert witnesses may not testify that a particular person is credible, but they may testify that a particular victim does or does not exhibit symptoms and behaviors consistent with sexual abuse, manipulation, or coaching. *Schutz v. State*, 957 S.W.2d 52 (Tex. Crim. App. 1997); *Yount v. State*, 872 S.W.2d 706 (Tex. Crim. App. 1993).
>
> b) Sgt. Lanier did not state that he believed A.D., the alleged victim, was telling the truth. Rather, he described the process and procedure of the criminal investigation and factors used to evaluate whether a child was being coached or manipulated, both in general terms and specifically as applied to A.D.'d forensic interview and his interactions with A.D.'s mother Melissa.
>
> c) Sgt. Lanier's testimony was within the bounds of *Yount* and *Schutz* and did not amount to an improper comment on A.D.'s credibility.
>
> d) Throughout the trial, counsel showed a strategy to cast A.D. as a liar and establish her mother had manipulated and coached her into the allegations. He also attempted to show through cross-examination of Sgt. Lanier that the police did not conduct an adequate investigation and simply believed A.D.'s outcry. This was reasonable trial strategy.

3

        e)      Choosing not to object to Sgt. Lanier's testimony could be part of counsel's reasonable trial strategy and accordingly was not deficient.

SHCR 114-15. The trial court went on to find that Kalla had not shown that counsel's representation was deficient in any way or that the results of the proceeding would have been different but for counsel's alleged failures. SHCR 118-19.

With respect to Gilliard's testimony, the trial court made the following findings:

12)    Counsel's representation was not deficient in failing to object to testimony from CPS worker Madeline Gilliard (subissues 11-12).

        a)      [Kalla] called Gilliard to testify in his case-in-chief and questioned her regarding how long it took to report the allegations to the police, whether A.D.'s mother and grandfather believed the allegations, and whether A.D. was on medication for attention deficit disorder.

        b)      The complained-of testimony from Gilliard regarding whether she believed the allegations or had any concerns A.D. was "conniving, crazy, or indecisive" were responsive to this testimony and were not objectionable.

        c)      Gilliard's testimony also advanced counsel's strategic theory of showing the State's witnesses did not properly investigate and rather simply believed A.D. Counsel made a reasonable decision not to object to this testimony.

SHCR 116. The trial court went on to find that Kalla had not shown that counsel's representation was deficient in any way or that the results of the proceeding would have been different but for counsel's alleged failures. SHCR 118-19. The Texas Court of Criminal Appeals subsequently denied the state application based on the findings of the trial court.

Kalla is not entitled to relief because he failed to show, as required by 28 U.S.C. § 2254(d), that the state court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Kalla is not entitled to relief for the additional reason he failed to overcome the "doubly" deferential standard that must be accorded to his trial attorney in light of both *Strickland* and § 2254(d). *See Harrington v. Richter*, 562 U.S. 86, 105 (2011). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard." *Id.* "If the standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Kalla may disagree with the state court's findings; nonetheless, the court provided reasonable arguments that satisfied *Strickland* 's deferential standard. He is not entitled to federal habeas corpus relief.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Kalla to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Kalla's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**SIGNED this 6th day of June, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE